UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIORELLA ODALYS GARCIA RAMIREZ,<br>(A-Number: 233-285-126)<br><br>        Petitioner,<br><br>    v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>        Respondents. | No.  1:26-cv-02549-KES-FJS (HC)<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENTS' MOTION TO DISMISS AND DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS AS MOOT<br><br>[ECF No. 10]<br><br>[21-DAY OBJECTION DEADLINE] |

Petitioner is a former immigration detainee proceeding with counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On April 3, 2026, she filed the instant petition and motion for temporary restraining order challenging her detention by the Department of Homeland Security. (ECF Nos. 1, 2.) On that same date, the district court issued an order converting the motion for temporary restraining order into a motion for preliminary injunction and granting the motion in part. (ECF No. 8.) The court noted that the parties agreed that Petitioner was entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, or in the alternative, release from custody. The court further noted that Respondents agreed to provide Petitioner a prompt hearing. The court denied Petitioner's motion to the extent she argued section 1226(a) procedures would be constitutionally deficient, because they place the burden on Petitioner to show that she is not a flight risk or danger. As there was no evidence that

1

Petitioner had had been previously detained and released by immigration authorities, she could not show that the government had previously determined she did not pose a risk of danger or flight. *See, e.g., Ortiz Donis v. Chestnut*, No. 1:25-CV-01228 JLT SAB, 2025 WL 2879514, at *15 (E.D. Cal. Oct. 9, 2025). The matter was referred to the undersigned for preparation of findings and recommendations.

On April 20, 2026, the court issued an order directing the parties to advise the court within five (5) days whether they wished to provide additional briefing. (ECF No. 9.) On April 25, 2026, Respondents filed a motion to dismiss the petition. (ECF No. 10.) Respondents submit that Petitioner was provided with a bond hearing on April 24, 2026, in accordance with the court's order, and granted release on bond. Respondents move to dismiss the petition as moot.

The case or controversy requirement of Article III of the federal Constitution deprives the court of jurisdiction to hear moot cases. *Iron Arrow Honor Soc'y v. Heckler,* 464 U.S. 67, 70 (1983); *NAACP., Western Region v. City of Richmond*, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1984). The federal court is "without power to decide questions that cannot affect the rights of the litigants before them." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam) (quoting *Aetna Life Ins. Co. v. Hayworth*, 300 U.S. 227, 240-241 (1937)).

Petitioner claimed her detention violated her due process rights. She requested immediate release, or in the alternative, a bond hearing before an immigration judge. (ECF No. 1 at 24-25.) As noted above, she was granted a bond hearing and released. In addition, the court determined that her detention did not violate her due process rights, because she was detained under section 1226(a) and Respondents had agreed to provide her with a bond hearing in accordance with section 1226(a). Accordingly, the court finds that Petitioner's complaints have been addressed, no case or controversy currently exists, and the petition should be dismissed as moot. *See Picrin–Peron v. Rison,* 930 F.2d 773, 776 (9th Cir. 1991); *Abdala v. I.N.S.*, 488 F.3d 1061, 1065 (9th Cir. 2007).

<u>RECOMMENDATION</u>

For the foregoing reasons, the Court hereby RECOMMENDS that Respondents' motion to dismiss be GRANTED and the petition for writ of habeas corpus be DISMISSED as moot.

These findings and recommendation are submitted to the United States district court judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of these findings and recommendation, a party may file written objections with the court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The court will not consider exhibits attached to the objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. The district judge may disregard any pages filed in excess of the fifteen (15) page limitation. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated:   **May 14, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

3